UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: OnStar Contract Litigation     Case No. 2:07-MDL-01867

Honorable Sean F. Cox

_____/

## ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION (D.E. NO. 408) AND ORDER OF DISMISSAL WITHOUT PREJUDICE

On November 7, 2012, Defendants OnStar LLC ("OnStar"), American Honda Motor Company, Inc. ("Honda"), Subaru of America, Inc. ("Subaru"), and Volkswagen Group of America, Inc. ("VW") (collectively "the Remaining Defendants") filed a "Motion Requesting Confirmation That All Claims That Were Asserted In This MDL Action Have Been Dismissed, Other Than Claim Of One Plaintiff" (D.E. No. 408). In that motion, the Remaining Defendants asked the Court for the following relief:

(a) Confirmation that the claims of any Plaintiff named in the Second Master Amended Complaint, other than the claim of R.S. Reishman against VW, have been disposed of either by an order of dismissal with prejudice or a voluntary dismissal without prejudice, as reflected in documents filed in this matter; and

(b) Confirmation that the claims of any parties whose claims were consolidated into this MDL action, but who were not named as plaintiffs in the Second Master Amended Complaint, have effectively been dismissed without prejudice based on past action and/or inaction in this matter.

(Docket Entry No. 408 at 3-4). The motion attached a proposed Order Confirming Dismissal Of Claims. (D.E. No. 408-1).

As of November 28, 2012, no responses in opposition to the motion had been filed and the time permitting for doing so had passed. Nevertheless, in an order issued on November 28, 2012, this Court ordered that "if any plaintiff in this Multi-District Litigation opposes the entry

of the proposed order, that plaintiff shall file a written brief, no later than **December 12, 2012**, and shall SHOW CAUSE why the Court should not grant the unopposed 'Motion Requesting Confirmation That All Claims That Were Asserted In This MDL Action Have Been Dismissed, Other Than Claim Of One Plaintiff' (Docket Entry No. 408) and enter the proposed order attached as Docket Entry No. 408-1." (D.E. No. 411) (emphasis in original).

No responses to the November 28, 2012 Show Cause Order have been filed and the time for doing so has passed.

Having considered the Remaining Defendant's unopposed "Motion Requesting Confirmation That All Claims That Were Asserted In This MDL Action Have Been Dismissed, Other Than The Claim One Plaintiff", IT IS ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that this Court hereby finds the following:

1. On August 17, 2007, the United States Judicial Panel on Multi-District Litigation entered its Transfer Order consolidating pending actions against OnStar, General Motors, Volkswagen, Honda, and Subaru in this Court. (D.E. No. 1). Subsequently, additional "tag along actions" were transferred to this Court.

2. On January 25, 2008, the Court entered Case Management Order No. 1 (the "CMO"). (D.E. No. 44). The CMO was applicable to all actions then a part of MDL 1867 as well as all cases subsequently filed in, removed to, or transferred to this Court as part of MDL 1867." (*Id.* at 1). The CMO further provided that "all attorneys of record in cases transferred by MDL must request admission to this Court, must register for ECF and must file an appearance through the ECF system. No service is required on any party not registered for ECF." (*Id.* at 13).

3. On January 7, 2008, the Court entered the Order Appointing Interim Lead Counsel for Plaintiffs, which appointed David H. Fink and the Miller Law Firm as interim lead counsel for

Plaintiffs ("Lead Counsel"). (D.E. No. 39).

4. Pursuant to the CMO, Lead Counsel had "responsibility for the conduct of the litigation for Plaintiffs," "supervising the discovery efforts of Plaintiffs," and the duty to conduct "all proceedings on behalf of Plaintiffs in Court, proceedings outside of Court, and all negotiations with Defendants." (D.E. No. 44 at 3-4).

5. The CMO also provided that Lead Counsel was to file a Master Amended Complaint, and that other Plaintiffs could seek amendment of the Master Amended Complaint to the extent that the pleading did not adequately encompass claims made by such Plaintiffs. (D.E. No. 44 at 5-6, 11).

6. Consistent with the CMO, Lead Counsel filed a Master Amended Class Action Complaint that (a) included some, but not all, individual Plaintiffs whose suits were consolidated in the MDL action, and (b) included additional individual Plaintiffs who had not filed any suit against Defendants prior to the filing of the Master Amended Complaint. (D.E. No. 46).

7. No person whose suit was consolidated but who was not individually named as a Plaintiff in the Master Amended Complaint sought to amend or expand the allegations in the Master Amended Complaint to include their individual claims.

8. On May 1, 2009, Lead Counsel filed the Second Master Amended Complaint which included additional individual Plaintiffs. (D.E. No. 113). At no time did any person whose suit was consolidated seek to amend or expand the allegations in the Second Amended Master Complaint to include their individual claims.

9. OnStar served written discovery on all Plaintiffs, and only those Plaintiffs named in the Second Master Amended Complaint responded to such discovery.

10. On June 23, 2011, Lead Counsel, after obtaining leave of Court, added two additional individual Plaintiffs via a "Supplement to Second Master Amended Complaint." (D.E. No. 323).

11. The individual claims of all Plaintiffs named in the Second Master Amended Complaint, the live pleading herein, have been dismissed pursuant to agreed orders entered by the Court or by voluntary dismissal, except for the individual claim of R.S. Reishman against Volkswagen of America.

12. The claims of any other parties whose claims were consolidated into this MDL action have effectively been dismissed without prejudice since they did not seek to amend or expand the allegations in the Master Amended Complaint or Second Master Amended Complaint to include their individual claims, did not participate in discovery, and have made no filing in the Court after the filing of the Master Amended Complaint.

13. Accordingly, the Court enters this order confirming that all claims of any Plaintiffs consolidated in this MDL Action, other than (a) claims which have previously been dismissed with prejudice and (b) the claims of R.S. Reishman against Volkswagen of America, have been dismissed without prejudice.

IT IS SO ORDERED.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: December 20, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 20, 2012, by electronic and/or ordinary mail.

S/Jennifer McCoy  
Case Manager